IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KIRBY TATE                                                                                    PLAINTIFF

V.                                                   CIVIL ACTION NO.4:08CV73-WAP-JAD

EARNESTINE STARKS, et al.                                       DEFENDANTS

## AMENDED REPORT AND RECOMMENDATION

Kirby Tate filed suit against Earnestine Starks, sergeant in Unit 29-B, Regina Caplers, a lieutenant and disciplinary officer, Ricky Scott, CID Investigator, Christopher Epps, Emmitt Sparkman, Lawrence Kelly, Marelyn Sturdivant, a Unit 29-A case manager, Lynette Jordan, Director of Offender Services, Verlena Flaggs, Associate Warden of Unit 29, James Brewer, Warden of Unit 29, Doe Crocker, Warden Unit 29; Willie Fuller, a lieutenant in Unit 29, Marvin Overstreet, CID chief, Pamela Robinson, Classifications, Acting Case Manager in Unit 32, Jim Norris, MDOC Legal Counsel, Ken North, CID Director, Jo Ann Shivers listed as Unknown Shivers in the complaint, Unit 32-A Case Manager, Mississippi Department of Corrections, Charles Thomas, Captain, MSP, and the Mississippi Department of Corrections. The defendants James Brewer and Doe Crocker have already been dismissed from this action without prejudice for failure to prosecute.

The defendants, Mississippi Department of Corrections, Christopher Epps, Emmit Sparkman, Lawrence Kelly, Ken North, Marvin Overstreet, Ricky Scott, James Brewer, Lynette Jordan, Pamela Robinson, Earnestine Starks, Verlena Flaggs, Marylyn Sturdivant, Willie Fuller, Regina Capler and Jo Ann Shivers have moved for summary judgment (Doc. 36). The plaintiff has now filed motions to dismiss Emmitt Sparkman, Lawrence Kelly, Marelyn Sturdivant, Lynette Jordan, Verlena Flaggs,

Willie Fuller, Jim Norris, Joann Shivers and Ken North (Doc. 43, 44). The plaintiff has also filed two motions to find the defendants in contempt (Doc. 9, 10) for alleged violations of the consent decree entered in *Presley v. Epps*, 4:05CV148. His suit includes three claims.

## ACCESS TO THE COURTS

In the first claim Tate alleges that MDOC officials denied or interfered in his right to access the courts when they confiscated legal documents in his possession and by allegedly monitoring communications with his attorney. The interference is alleged to have occurred in connection with a federal habeas action in the Southern District of Mississippi and in connection with the present action. This ground is not addressed by the defendants in the three page motion for summary judgment.[1] The undersigned addresses this matter *sua sponte*.

In order to state a claim for denial of access to the courts it is necessary to allege actual prejudice as a result of the denial. *See Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) Unless there is actual prejudice in a legal proceeding or impediment to bringing an action, there is no standing to assert a claim for lack of access to the courts. The plaintiff, who is not proceeding *pro se*, has made no allegations that he has suffered any actual prejudice in any legal proceeding. Further, because the plaintiff's complaint was confusing in its references to docketed matters in other actions, this court has reviewed the docket on matters involving Kirby in the United States District Court for the Southern District of Mississippi on the PACER system. Tate has been

---

[1] The court further notes that neither party has submitted supporting briefs with the motion and response, in violation of the rules of the court. Counsel for the parties are warned that the failure to comply with this rule in the future will result in sanctions which may include denial of motions or the striking of responses.

represented by current counsel in all three matters brought before that court. Tate has not stated a claim for denial of access to the courts.

## RETALIATORY RULES VIOLATION REPORT

In his second claim Tate alleges that the defendant Starks wrote a retaliatory Rules Violation Report(RVR) on August 14, 2007 accusing Tate of not having his shirt on. He claims that he was not allowed to list witnesses on the RVR and that the hearing officer failed to call witnesses before adjudicating Tate guilty of the RVR. He says this is a false accusation and that the hearing was not held within the time frame established by MDOC regulations. He seems to be attempting to claim that this RVR and his reclassification were acts in retaliation for his filing a habeas action in federal court in the Southern District of Mississippi.

To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. The inmate must allege more than his personal belief that he is the victim of retaliation. Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. The inmate must produce direct evidence of motivation or in the more typical scenario allege a chronology of events from which retaliation may plausibly be inferred. *Jones v. Greninger*, 188 F.3d 322, 324-325 (5th Cir. 1999). While he attempts to set out a chronology of his conflicts with Starks and his federal habeas action in 4:06cv99, Tate makes no showing of any connection between Starks and that litigation. She is not a defendant. The pleadings do not suggest how the existence of this litigation was of any interest or concern to Starks. The timeline set out by Tate, with regard to Starks suggests nothing

3

more sinister than coincidence. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Tate has fail to state a claim for retaliation.

Without retaliation as a motivator for the punitive actions, Tate's complaint fails as a matter of law on any complaint related to this RVR. Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell* 418 U.S. 539 (1974). Since the acts complained of by plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Therefore Tate's complaint fails to state a cause of action under this claim and is due to be dismissed.

## RETALIATORY CLASSIFICATION AND HOUSING

In his third claim Tate alleges that Ricky Scott and "MDOC officials" arbitrarily and capriciously validated him as a Serious Threat Group leader. Tate was determined to be a leader of the Simon City Royals. He was re-classified from B custody to D custody with a resulting loss of privileges. He complains that he has been denied a "meaningful" hearing in violation of MDOC regulations, the consent decree entered in *Presley v. Epps*, Civil Action No. 4:05CV148, and in violation of his constitutional rights. He also challenges his placement in Unit 32 contending that he has a serious mental illness making his placement inappropriate according to the terms of the *Presley* decree. He seeks to employ the contempt powers of this court to compel a hearing with counsel and/or a compelled reclassification and change of housing.

Tate asserts both his conflicts with the defendant Starks and the filing of a habeas action in the Southern District of Mississippi as the impetus for his being validated as a gang leader, with the resulting adverse change in his classification and housing. He attempts to categorize the actions

4

taken as retaliation for his exercise of his constitutional rights. He claims Starks flew into a rage when she saw paperwork indicating Tate's intent to file a grievance against her. What is absent from the pleadings are any factual allegations connecting Starks to the investigation and reclassification. Without any factual basis for showing or implying that Starks had a hand in or influence on the investigation and reclassification decision, there does not appear to be any basis for attributing retaliation to her.

Tate alleges that he filed his latest federal habeas action a matter of days prior to his being validated as a leader of the Simon City Royals. There are no allegations over and above Tate's conclusory allegation to suggest that Scott, whose investigation resulted in the change in classification, or any other defendant was aware of the habeas action or had any grounds for being concerned about the action. A plaintiff fails to state a claim upon which relief can be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 127, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Assuming that everything Tate alleges is true, the time line set out in the complaint is at least as likely to result from simple coincidence as any conspiracy to retaliate against Tate. To suppose based upon the facts alleged in the complaint, that there has been a conspiracy or that any individual defendant has acted in retaliation because of Tate's exercise of constitutional right to access to the courts is to engage in speculation. Tate has failed to state a claim for retaliation under § 1983.

In the absence of an impermissible retaliation, Tate has no § 1983 action. It is well established that no inmate has a protectable interest in either their classification or housing. *Meachum v. Fano,* 427 U. S. 215, 96S Ct. 2532, 49 L.Ed. 2d 451 (1976), *Young v. Wainwright*, 449 F.2d 338 (5th Cir. 1971). There exists no expectation of any particular classification under sections 47-5-99 and 47-5-103 Miss. Code Ann.(1972). Tate has failed to state a claim relating to his classification and housing.

## TATE'S CLAIMS, SUMMARY JUDGMENT AND *PRESLEY*

Tate attempts to state a claim by alleging that the defendants have failed to comply with the provisions of the consent decrees entered in *Presley v. Epps*. Tate seeks compensation for alleged violations of these decrees and seeks to invoke the contempt powers of the court to compel his reclassification and/or transfer to East Mississippi State Hospital.

The defendants have attached the affidavit of Ricky Scott setting forth that he performed the investigation resulting in Tate being determined to be a gang leader and that Tate was properly validated. Tate's complaint asserts that Tate is not a member of any gang, much less a gang leader. But his complaint, while containing language that it is under oath, is signed not by Tate, but his counsel. No affidavit has been submitted to contradict Scott's affidavit. Therefore Tate has failed to provide admissible evidence to contradict the state's assertion that he is a leader of a Security Threat Group.

Attached to the motion for summary judgment are several documents showing repeated reviews of Tate's classification and status on a regular basis in apparent compliance with the provisions of *Presley*. It appears that Tate does not deny that there was a very informal hearing, only that he was not provided with a 'meaningful hearing.' Again because Tate's complaint was

6

signed by his counsel, no allegation of the complaint provides admissible proof to contradict the defendants' asserted compliance with its procedures under *Presley*. Therefore there is no showing of a bona fide dispute of material facts.

Finally Tate seeks to compel his transfer to East Mississippi Correctional Facility, asserting that he is suffering from a serious mental illness and that under the provisions of *Presley* he is inappropriately housed in Unit 32. The defendants have submitted the affidavit of Gloria Perry, M.D. Based upon her review of Tate's records she states that Tate suffers from depression for which he is prescribed Prozac. His level of care is level C, *i.e.*, some psychiatric issues and under psychiatric care. Tate challenges the affidavit as insufficient since it is based upon Tate's records and not an in person evaluation. This challenge is without merit. Tate provides no admissible evidence to create any issue of fact regarding whether he is suffering from a serious mental illness.

For all of these reasons the defendants are entitled to summary judgment on the issues of Tate's classification and housing assignment in Unit 32.

What is disturbing is that the defendants have not challenged the fact that Tate has not and cannot state a claim or cause of action based upon any failure to comply with the provisions of *Presley*. In *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 4189 (1995) the United States Supreme Court, retreating from an earlier line of cases, found that prisoners could not claim a due process violation by virtue of prison regulations. Because the regulations are promulgated to guide "correctional officials in the administration of a prison," and "not designed to confer rights on inmates," *Id.* at 481, 115 S.Ct. at 2299, there is no state created liberty interest.

The specific provisions of the consent decree in *Presley* now constitute regulations of the Mississippi Department of Corrections. They may have their genesis in litigation, but they are

7

nonetheless now binding regulations under which MDOC now operates Unit 32. Under the rationale of *Sandin*, there is no liberty interest conferred upon Tate or any other class member individually. It has been recognized in this circuit that the rulings of the courts in class action prison litigation do not in and of themselves form a basis for § 1983 liability. *Green v. McKaskle*, 788 F. 2d 1116 (5th Cir. 1986). "Remedial court orders per se, apart from the independent constitutional grounds affirmed there, cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create 'rights, privileges, or immunities secured by the Constitution and laws.' 42 U.S.C. § 1983." *Id.* at 1123." "It is clear that these decisions are the means by which unconstitutional conditions are corrected but that they do not create or enlarge constitutional rights." *Id.*

*Green v. McKaskle* recognizes the availability of a contempt action to enforce the court's remedial orders. However that sword does not belong in the hands of individual inmates in separate actions, but is entrusted to class counsel in *Presley*. The plaintiff is a member of a class represented by class counsel who is both capable and active in pursuing enforcement of the decrees entered in the class action. Consistent with *Sandin* and *Green*, the provisions of this court's decrees in *Presley* are designed to address systemic problems, not provide individual inmates with an offensive weapon broadening their rights. If the power to seek contempt were unrestricted, the provisions of the consent decrees in *Presley* and other remedial orders would entangle the court in the minutiae of day-to-day decisions of the prison and make virtually every decision made within the state's prison system subject to federal review. Tate may of course bring his concerns to the attention of class counsel, but *Presley* does not provide him with any substantive rights enforceable under § 1983.

## CONCLUSION

The undersigned recommends *sua sponte* that the plaintiff's complaint be dismissed with prejudice for failure to state a claim. Alternatively and additionally, the undersigned recommends that the defendants' motion for summary judgment be granted (Doc. 36). The undersigned recommends that the plaintiff's motions for contempt be denied (Doc. 10, 37). The undersigned recommends that his motions to dismiss certain defendants be denied as moot (Doc. 43, 44).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 25th day of February, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE