IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KIRBY TATE                                                                                          PLAINTIFF

V.                                                                    CAUSE NO.: 4:08CV073-SA-DAS

EARNESTINE STARKS, ET AL.                                                                  DEFENDANTS

ORDER ON REPORT AND RECOMMENDATIONS

The magistrate judge assigned to this case entered a Report and Recommendations on July 11, 2012, suggesting that the court dismiss parts of Plaintiff's claims against Defendants pursuant to the Motion for Summary Judgment filed. Plaintiff filed Objections to the Report and Recommendations, and Defendants responded. After reviewing the Report, Objections, and reply, the Court finds that the magistrate judge's Report and Recommendations should be adopted in part.

The magistrate judge recommended that Plaintiff's claims for injunctive relief and a declaratory judgment be dismissed as moot because of his transfer from Unit 32 and subsequent release from the prison system. He additionally found there to be triable issues of fact concerning the adequacy of the processes used in Tate's validation and resulting classification which prevented the application of qualified immunity for the Defendants. The magistrate judge also recommended granting summary judgment as to Plaintiff's claims for compensatory damages for mental or emotional suffering or injury as there was no affidavit or admissible prrof of any physical injury arising out of, resulting from or related to the alleged constitutional violations. The magistrate judge further recommended dismissing all claims related to the handling of any grievances and all disciplinary claims. The magistrate judge delineated the claims to be tried as follows:

1. Whether Tate's due process rights were violated by his designation and/or retention as a Security Threat Group leader, his resulting reclassification and housing conditions.

2. Whether Tate was deprived access to the courts in his habeas actions or in this action.

3. Whether the defendants are entitled to qualified immunity

4. The extent of Tate's damages, as limited above.

5. Costs and attorneys' fees, should the plaintiff prevail.

Plaintiff filed an Objection arguing that his claims were not ripe for summary judgment because of insufficient discovery conducted in this case. Moreover, Plaintiff objected on the basis that his claims for injunctive relief were not mooted as he continued to suffer past, present, and future injuries. Plaintiff further argued that he did make a requisite showing of a physical injury by attaching affidavits to his response to summary judgment.

After reviewing the record evidence, pleadings, filings, and the Report and Recommendation in this case, it is the Court's intention to approve and wholly adopt the Report and Recommendations over the Objections of Plaintiff with the following two exceptions: (1) Plaintiff's "physical injury" claim should go forward on the basis of the earlier attached affidavit in the record; and (2) Plaintiff's claim for return of personal property that were allegedly confiscated upon his placement in supermax confinement should also go forward.

SO ORDERED, this the 14th day of September, 2012.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**