IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KIRBY TATE                                                                                              PLAINTIFF

V.                                                                     CAUSE NO.: 4:08CV073-SA-DAS

EARNESTINE STARKS, ET AL.                                                         DEFENDANTS

FINAL JUDGMENT

This cause of action has had a long and litigious history, including a remand from the Fifth Circuit. The magistrate judge has now issued a final Report on the case recommending that judgment be entered against the plaintiff and in favor of all the defendants. The Plaintiff has filed an objection asserting, *inter alia*, that the magistrate judge erroneously found no liberty interest, and therefore no due process right, in avoiding placement in the Security Threat Group, inaccurately compared the conditions at the Mississippi State Penitentiary with those conditions at issue in Wilkinson v. Austin, 545 U.S. 209 (2005), and failed to address his Eighth Amendment claim.

As to those first two claims, the Court finds that Plaintiff's objections are not well taken for the reasons stated in the Report and Recommendation. See Pichardo v. Kinker, 73 F.3d 612, 612-13(5th Cir. 1996) ("absent extraordinary circumstances, administrative segregation as such, being incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim."); see also Hernandez v. Valasquez, 522 F.3d 566, 563-64 (5th Cir. 2008) (temporary lockdown designed to prevent gang-related violence is to be expected as an ordinary incident of prison life). Plaintiff also claims the magistrate judge's Report failed to address the conditions at South Mississippi Correctional Facility when classified as STG. However, the Court's review of the record does not support Plaintiff's objection on that ground.

The Court finds no basis for Plaintiff's contention that he still has a remaining Eighth Amendment claim. The Court has scoured the entire record, approximately five years of litigation in this Court, as well as the appellate court, and cannot find any assertion by the Plaintiff of an Eighth Amendment claim. In fact, on July 11, 2012, the magistrate judge, in an earlier Report and Recommendation summarized the Plaintiff's claims as follows:

> Tate's complaint is less than clear. In the section addressing the exhaustion of administrative remedies, Tate enunciates three claims: 1) That 'MDOC officials' denied or interfered with his access to the courts in his habeas action(s) by confiscating and destroying legal documents; recording and monitoring telephone conversations with his attorney and censoring and confiscating mailed communications between him and his counsel; 2) the defendant Starks issued a retaliatory Rules Violation Report (RVR) to Tate; and 3) Ricky Scott and other 'MDOC' officials 'arbitrarily and capriciously validated' Tate as a Serious Threat Group (STG) leader and deprived him of any meaningful opportunity to rebut that finding.
>
> The complaint, however, appears to make three additional claims. Tate claims that Starks and others denied him due process and failed to follow MDOC policies and procedures in the disciplinary process, resulting from the Starks-issued RVR. Tate also appears to be making a claim about the grievance procedures and the results of his grievances. Tate not only makes allegations about the supposed flaws in the administrative remedies program and his results, but names defendants who have no discernible connection to this action, other than their involvement in handling those grievances. Finally, the complaint includes an allegation that the defendants have interfered with Tate's access to this court in this action.

Plaintiff issued no objection to the magistrate judge's indication of no Eighth Amendment claim at that time. Moreover, the pretrial order proposed in this case contained no mention of an Eighth Amendment issue. Therefore, the Court finds this objection to be without merit.

Accordingly, it is hereby ORDERED that:

(1) The Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge issued June 18, 2013, are OVERRULED;

(2) The Report and Recommendation [164] is APPROVED and ADOPTED as the opinion of this Court;

(3) Judgment is hereby ENTERED in favor of the Defendants and against the Plaintiff; and

(4) This matter is CLOSED.

SO ORDERED, this the 4th day of November, 2013.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**